**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carlos ALBERTO MADERO–HIGUERA, Defendant–Appellant.**

**No. 14–50073.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2014.[*]

Filed Nov. 26, 2014.

Timothy D. Coughlin, Esquire, Assistant U.S., Bruce R. Castetter, Assistant U.S., San Diego, CA, for Plaintiff–Appellee.

Donald Alan Nunn, Esquire, Poway, CA, for Defendant–Appellant.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Carlos Alberto Madero–Higuera appeals from the district court's judgment and challenges the 70–month sentence imposed following his guilty-plea conviction for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Madero–Higuera contends that the district court erred by failing to exercise its independent judgment in denying his request for a minor role adjustment under U.S.S.G. § 3B1.2(b). The record does not support this contention. The district court considered the parties' arguments and concluded that the record did not provide a basis for finding that Madero–Higuera played a minor role in the criminal scheme. The court's rejection of the adjustment was consistent with the guideline and our precedent. *See* U.S.S.G. § 3B1.2 cmt. n. 3(A) (adjustment available only if defendant is "substantially less culpable than the average participant"); *United States v. Rodriguez–Castro*, 641 F.3d 1189, 1193 (9th Cir.2011) (defendant's burden to establish his entitlement to the adjustment).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).